```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LORILEE A. KNAPPINS,

    Plaintiff,
v.                            Case No. 8:08-cv-2297-T-33MAP

BOWLING, LLC, and RAFAEL
HERNANDEZ,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Brief Regarding Attorney's Fees and Costs (hereafter, the "Renewed Settlement Motion" Doc. # 26), which was filed on August 28, 2009. For the reasons that follow, the Court will grant the Renewed Settlement Motion in part.

**Analysis**

Plaintiff, a bartender, initiated this case on November 18, 2008, by filing a five-count complaint against Defendant, her former employer, alleging violation of the Fair Labor Standards Act as well as various provisions of Florida law. (Doc. # 1). Defendant filed an answer and affirmative defenses on December 9, 2008. (Doc. # 6). Thereafter, on January 5, 2009, the parties filed the Case Management Report. (Doc. # 11). No other relevant activity is revealed on the docket. The parties did not file dispositive motions or

participate in any hearings.

On July, 16, 2009, Defendant filed a notice of settlement and requested that the Court dismiss this case with prejudice. (Doc. # 16).  On July 17, 2009, the Court directed the parties to file a motion for court approval of the settlement so that the Court could evaluate the fairness of the settlement. (Doc. # 17).

On July 20, 2009, the parties filed a motion for Court approval of their settlement (the "Initial Settlement Motion" Doc. # 18).  The Court denied the Initial Settlement Motion on July 22, 2009, because under the terms of the settlement, Plaintiff would receive a total recovery of $1,500.00, and Plaintiff's counsel, Todd Shulby, would receive $6,250.00. (Doc. # 19).  In denying the Initial Settlement Motion, the Court noted, "[T]his appears to have been a routine and very simple case to litigate.  The Court does not understand how it is that with a total recovery of $1,500.00 that Plaintiff's counsel is entitled to a fee of $6,250.00.  That number, under these circumstances, appears excessive." (Doc. # 19 at 2).

On August 28, 2009, Plaintiff filed the Renewed Settlement Motion. (Doc. # 26). Plaintiff's counsel submitted a fourteen-page brief in support of the fees and costs requested.  In addition, he supplied the Court with a Fee and

2

Cost Ledger. In the Renewed Settlement Motion, Plaintiff's counsel explains that, at a rate of $350 per hour, he amassed $10,185.00 in attorney's fees (for 29.10 hours of work); however, through the settlement of the case, he agreed to the amount of $6,250. The Court has examined the documents and determines that, even though Plaintiff's counsel reduced the fees for the purposes of settlement, the fees sought are still excessive under the circumstances of this case.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

<u>Id.</u> at 352.

In this case, the Court finds it appropriate to approve the costs sought, which amount to $474.67, but to reduce the attorney's fees sought in the Renewed Settlement Motion by 30%. This Court is afforded broad discretion in addressing

attorney's fees issues. See <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. <u>Webb v. Bd. of Educ. of Dyer County</u>, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. <u>Id.</u> If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

In this case, Plaintiff's attorney filed a voluminous and well-written brief in support of the attorney's fees sought; however, after due consideration of the brief and the entire file, the Court comes to the conclusion that fee sought, $6,250, is not justified here. The Court comes to this conclusion because no hearings were held in this case, no

dispositive motions were filed, and the case remained pending for less than one year.

Furthermore, in determining that an across-the-board fee reduction of 30% is necessary, the Court has give great consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount involved and the results obtained.[1]

At the present moment, the Court is flooded by a deluge of FLSA and ADA cases filed by Plaintiff's counsel, Mr. Shulby. These cases are not complex and, in this Court's opinion, are not labor-intensive. These cases generally require little time in Court (in the present case, no Court time was required), and it is a rare FLSA case that presents novel or difficult questions for counsel or the Court. In the present case, the amount obtained for Plaintiff, $1,500.00, pales in comparison to the fees sought by counsel.

Concerning the issue of preclusion of other employment,

---

[1] The Court recognizes that the present Order does not address each and every one of the factors set forth in Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974) and Norman in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Plaintiff's counsel's fees.

Plaintiff's counsel argues: "Federal courts have long recognized that civil rights plaintiffs work is oftentimes undesirable, and that plaintiff's attorneys are economically impacted by their decision to help the civil rights litigant." (Doc. # 26 at 9)(citing Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974).

The Court determines that Mr. Shulby's reliance on the Johnson court's economic hardship analysis is misplaced in the context of this simple FLSA case. A cursory review of the Court's records shows that Mr. Shulby has filed 109 complaints in the United States District Court for the Middle District of Florida between November 18, 2008 (the day the present action was initiated by the filing of a complaint) and today's date. It can hardly be said that acceptance of the present case precluded Plaintiff's counsel from accepting other cases.

Accordingly, and for the reasons specified above, the Court applies an across-the board reduction of 30% to the requested fee of $6,250 to yield $4,375.00.[2] Plaintiff's attorney is entitled to $474.67 in costs.

Accordingly, it is

---

[2] See St. Fleur v. City of Ft. Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005)(per curiam)(approving across-the-board reduction of thirty percent where district court noted instances of duplicated efforts, excessive attorney meetings, and charges for administrative tasks).

**ORDERED ADJUDGED and DECREED** that**:**

(1) The parties' Renewed Joint Motion to Approve Settlement Agreement (Doc. # 26) is **GRANTED** as modified above.

(2) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of October 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record